*In re* CARMEN I. CHIQUES VELÁZQUEZ, querellada.

*Número:* AB-2003-83      *Resuelto:* 25 de febrero de 2004

*Luis F. Camacho*, abogado de la parte querellada; *Roberto J. Sánchez Ramos*, procurador general, *Kenneth Palmas Velázquez*, subprocurador general, y *Noemí Rivera De León*, procuradora general auxiliar, querellantes; *Gerardo Iván Pérez Rivera*, querellante.

PER CURIAM: La Sra. Janice Reverón Torres presentó ante este Tribunal una queja jurada contra la Lcda. Carmen I. Chiques Velázquez, en la cual le imputó conducta alegadamente violatoria de los Cánones 18, 27, 28 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Referimos el asunto a la Oficina del Procurador de Puerto Rico para que realizara la correspondiente investigación e informara a este Foro.

El Procurador General ha rendido su informe. En él concluye que la abogada Chiques Velázquez efectivamente incurrió en conducta violatoria de las disposiciones de los Cánones 28 y 38 del Código de Ética Profesional, ante. Le concedimos un término a la abogada para que se expresara sobre el referido informe.

En su comparecencia, la abogada Chiques Velázquez:

acepta unos hechos; aclara o niega otros; sostiene que su conducta realmente se debió a un error de juicio; que actuó de buena fe; señala que ninguna parte ha resultado perjudicada por sus actos y que en su actuación no hubo ánimo de lucro personal; resalta su historial profesional carente de faltas o señalamientos anteriores, y somete el asunto para su resolución final. *Resolvemos.*

## I

Conforme los hechos establecidos e incontrovertidos, la abogada-notario Chiques Velázquez representó al Sr. Gerardo Pérez Rivera en un pleito de divorcio que se dilucidó entre éste y la querellante, Sra. Janice Reverón Torres. Concluido el pleito de divorcio y pendiente uno de liquidación de bienes gananciales, la licenciada Chiques Velázquez otorgó una escritura pública mediante la cual los ex esposos antes mencionados vendieron una propiedad inmueble ganancial —que, naturalmente, formaba parte del pleito de liquidación— a unas terceras personas. La abogada querellada, no obstante conocer, a esa fecha, que la querellante Reverón Torres contaba con representación legal, no se comunicó en forma alguna con el abogado de la mencionada querellante.

## II

Como es sabido, el Canon 28 del Código de Ética Profesional, ante, establece, en lo pertinente, que el "abogado no debe, en forma alguna, comunicarse, negociar, ni transigir con una parte representada por otro abogado en ausencia de éste ...". Este Tribunal fue enfático al señalar que

> ... una lectura del referido Canon claramente demuestra que éste proscribe, entre otras cosas, *toda comunicación* entre un abogado y una parte adversa que ostenta representación

legal. El propósito del Canon 28 es evitar que los abogados de una parte hagan acercamientos inapropiados y antiéticos a personas debidamente representadas para obtener ventaja. También tiene por finalidad prevenir que los abogados induzcan a error a personas que carecen de representación legal. De esa manera se salvaguarda tanto el derecho de los litigantes a obtener representación legal adecuada como el privilegio abogado-cliente. (Énfasis en el original.) *In re Andréu, Rivera,* 149 D.P.R. 820, 824–825 (1999). Véase, además, *In re Martínez Lloréns,* 158 D.P.R. 642 (2005).

■ Por otro lado, y en cuanto a la alegación de la abogada querellada en torno a que actuó de buena fe, indicamos que "la prohibición contenida en el Canon 28 ... aplica *independientemente* del nivel de educación de las partes *y de la intención del abogado que intenta el contacto con la parte"*. (Énfasis suplido.) *In re Martínez Lloréns,* ante, pág. 646. Véase, además, *In re Soto Cardona,* 143 D.P.R. 50 (1997).

En vista de lo anteriormente señalado, es obvio que la conclusión del Procurador General, a los efectos de que la licenciada Chiques Velázquez infringió el citado Canon 28, es correcta en derecho.

### III

■ La Regla 5 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, establece, en lo pertinente:

La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.

El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado por él.

El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.

■ Es un hecho incontrovertido que la licenciada Chi-

ques Velázquez, siendo la representante legal del señor Pérez Rivera en el pleito de división de gananciales, autorizó como notario una escritura de compraventa de un bien inmueble perteneciente a la extinta sociedad de gananciales del señor Pérez Rivera. Reiteradamente hemos sostenido que es impropio que un abogado combine funciones de notario y abogado en relación con un mismo asunto. *In re Carreras Rovira y Suárez Zayas*, 115 D.P.R. 778 (1984); *Pagán v. Rivera Burgos*, 113 D.P.R. 750 (1983); *In re Cruz Tolinche*, 114 D.P.R. 205 (1983).

■ Por otro lado, es de notar que el Canon 38 del Código de Ética Profesional, ante, establece, en lo pertinente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.

No debe haber duda, en consecuencia, que la licenciada Chiques Velázquez, al impropiamente otorgar la escritura de compraventa en controversia, violentó no sólo las disposiciones de la Regla 5 del Reglamento Notarial, ante, y nuestras decisiones al respecto sino, además, las disposiciones del Canon 38 del Código de Ética Profesional, ante.

## IV

No obstante lo anteriormente expresado, somos del criterio que la sanción disciplinaria a imponerse en el presente caso debe ser la de *censurar* a la licenciada Chiques Velázquez. Se trata de una primera falta, cometida por un miembro de la profesión con un récord limpio y que goza de buena reputación en la comunidad donde labora. Véanse: *In re Soto Cardona*, ante; *In re Vera Vélez*, 148 D.P.R. 1 (1999).

*Se dictará sentencia de conformidad.*