ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| SONIA CARTAGENA GONZÁLEZ<br><br>APELANTE<br><br>V.<br><br>RAYMOND COLLAZO RIVERA<br><br>APELADO | KLAN202201071 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Aibonito<br><br>Caso Núm. AI2021CV00248<br><br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la parte apelante, Sonia Cartagena González (señora Cartagena González), quien solicita nuestra intervención para dejar sin efecto la *Sentencia Parcial Enmendada* notificada el 21 de noviembre de 2022, por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Mediante el referido dictamen, el foro primario declaró con lugar la *Segunda Moción de Sentencia Sumaria* interpuesta por la parte apelada, Raymond Collazo Rivera (señor Collazo Rivera). En consecuencia, desestimó la reclamación instada por la apelante, restando por dilucidar las alegaciones incoadas por el apelado en su *Reconvención*.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen impugnado.

### I.

La presente causa se inició el 19 de julio de 2021, ocasión en que la señora Cartagena González presentó una *Demanda* sobre daños y perjuicios contra el señor Collazo Rivera y la señora Yanira Torres.[1] Del escrito se desprende que la señora Cartagena González y el señor Collazo

---

[1] Apéndice de la apelante, págs. 1-3.

Rivera estuvieron casados hasta el 20 de febrero de 2008, ocasión en que se decretó el divorcio.[2] Para el 21 de septiembre de 2020, los litigantes disolvieron la comunidad de bienes postganancial.[3] Según lo estipulado,[4] la apelante cedió su participación sobre un inmueble gravado por hipoteca, sito en Aibonito, a cambio de una suma ascendente a $20,000. La Escritura Pública 17, *Liquidación de Comunidad de Bienes*, se otorgó el 27 de mayo de 2021.[5] La apelante alegó que procedió a recoger todos los artículos muebles de la residencia, con excepción de unas pertenencias personales ubicadas en un clóset contiguo a la propiedad del apelado. Reza la reclamación que, el 12 de junio de 2021, la señora Cartagena González se dirigió a la vivienda para recoger los aludidos bienes muebles, pero el clóset estaba abierto y vacío. Sostuvo que el señor Collazo Rivera indicó que dispusieron de los artículos. Además del valor sentimental, por tratarse de recuerdos personales y cosas de la hija de las partes, estimó el valor de los bienes en $15,000. Así, pues, la señora Cartagena González reclamó una cuantía global de $50,000 por daños económicos y angustias mentales.

El señor Collazo Rivera presentó su alegación responsiva y reconvino.[6] Negó las alegaciones en su contra por tratarse de una completa falsedad y, entre sus defensas afirmativas, invocó la prescripción, los actos propios, la negligencia de la apelante y que ésta no recurría al foro judicial con manos limpias. En su *Reconvención*, adujo que la reclamación del título era producto de la temeridad de la señora Cartagena González, a quien imputó actos de difamación, acoso e intento de extorsión. Solicitó una suma total de $500,000 en daños.[7] La señora Cartagena González contestó la

---

[2] Refiérase al caso *Sonia Ivette Cartagena González* v. *Raymond Collazo Rivera*, BDI20070117.

[3] Refiérase al caso *Raymond Collazo Rivera v. Sonia Ivette Cartagena González*, BAC20170009.

[4] Apéndice de la apelante, págs. 8-9; 13-14.

[5] Apéndice de la apelante, págs. 15-20.

[6] Apéndice de la apelante, págs. 4-7, con anejos a las págs. 8-20.

[7] Por su parte, la señora Torres contestó la *Demanda* y, el 25 de enero de 2022, cursó un *Requerimiento de Admisiones* a la apelante. La señora Cartagena González no contestó el mismo en el plazo reglamentario y la señora Torres solicitó la admisión tácita. El 24 de febrero de 2022, el Tribunal tomó conocimiento de la admisión tácita.; lo que reiteró en la vista celebrada el 4 de marzo de 2022. Mientras la apelante peticionó el relevo; la señora Torres instó una *Solicitud de Sentencia Sumaria*. Entonces, el 13 de octubre de 2022, la señora Cartagena González solicitó el desistimiento con perjuicio de su reclamación contra

*Reconvención.*[8] En esencia, arguyó que el señor Collazo Rivera se negaba a asumir su error al disponer de los bienes muebles en controversia y negó las imputaciones por tratarse de falsedades.

En lo que nos atañe, surge de los autos que, el 8 de febrero de 2022, el apelado informó al tribunal *a quo* haber cursado un *Primer Pliego de Interrogatorio, Requerimiento de Documentos y Requerimiento de Admisiones.*[9] Dentro del plazo reglamentario, el 22 de febrero de 2022, la señora Cartagena González solicitó una prórroga; y el foro primario la concedió hasta el 18 de marzo de 2022.[10] Llegada la fecha señalada, la apelante peticionó una nueva extensión de diez días, que la primera instancia judicial confirió y notificó el 24 de marzo de 2022.[11] No obstante, transcurrido el término prorrogado, ante el incumplimiento de la apelante en contestar, el 5 de abril de 2022, por tercera ocasión, el señor Collazo Rivera solicitó que se dieran por admitidas las aseveraciones del requerimiento de admisiones.[12] En la misma fecha, con notificación el 6 de abril de 2022, el foro apelado dictó una *Resolución* que reza: "Ante lo informado, se toma conocimiento de la operación automática de la admisión tácita reglamentaria".[13] La señora Cartagena Gonzáles no recurrió la determinación judicial ni solicitó al foro de primera instancia que reconsiderara su postura y la relevara de la admisión tácita reconocida.[14]

Luego de varios trámites innecesarios de pormenorizar, el 11 de agosto de 2022, el señor Collazo Rivera presentó *Segunda Moción de*

---

la señora Torres. A tales efectos, el Tribunal dictó una *Sentencia Parcial.* Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), entradas 10, 30, 32, 34, 38, 44, 71, 74 y 76.

[8] Apéndice de la apelante, págs. 21-22.

[9] Apéndice de la apelante, pág. 23.

[10] SUMAC, entradas 33 y 37.

[11] SUMAC, entradas 43 y 47.

[12] SUMAC, entrada 51.

[13] SUMAC, entrada 52; Apéndice del apelado, pág. 1.

[14] Cabe señalar que, en atención a la primera petición del apelado para que se reconociera la admisión tácita, presentada el 1 de marzo de 2022 (SUMAC, entrada 36), el 10 de marzo de 2022, la señora Cartagena González interpuso *Moción de Relevo de Admisión Tácita del Requerimiento de Admisiones* (Apéndice de la apelante, págs. 24-27; SUMAC, entrada 39). No obstante, en un escrito judicial posterior de ésta (SUMAC, entrada 43) aclaró al foro primario que esa moción era "de su faz, totalmente improcedente", ya que debió ir dirigido contra la admisión tácita del requerimiento cursado por la señora Torres, no el del señor Collazo Rivera.

*Sentencia Sumaria.*[15] Acompañó el pedimento con una Declaración Jurada, el *Primer Pliego de Interrogatorio, Requerimiento de Documentos y Requerimiento de Admisiones*; la *Resolución* de 6 de abril de 2022; y documentos relacionados con la división de la comunidad de bienes postganancial. Basado en las aseveraciones admitidas tácitamente, ante la ausencia de controversias, el apelado solicitó la resolución por la vía de apremio a su favor.[16] En respuesta, el 11 de octubre de 2022, la señora Cartagena González instó *Oposición.*[17] Entre otros documentos, unió la *Contestación a Requerimiento de Admisiones*, según juramentado el 5 de abril de 2022. Adujo que no procedía dictar sentencia sumaria, debido a la existencia de hechos en controversia y el incumplimiento con los requisitos de forma de la Regla 36, infra.

El 21 de noviembre de 2022, el foro de primera instancia notificó el dictamen parcial apelado.[18] Allí, consignó las siguientes determinaciones de hechos, a las que hemos impartido énfasis:

1. **La Demandante no contestó el requerimiento de admisiones que le fuera notificado el 8 de febrero de 2022**, por lo que el 6 de abril de 2022 el tribunal tomó conocimiento de la **operación automática de la admisión tácita** reglamentaria.

---

[15] Apéndice de la apelante, págs. 28-39, con anejos a las págs. 40-60.

[16] Véase, Apéndice de la apelante, págs. 45-46. A continuación, los enunciados del *Requerimiento de Admisiones*:
   1. Admita que el caso civil B DI2007-0117 en el Tribunal Superior de Aibonito es de divorcio entre las mismas partes.
   2. Admita que el caso [c]ivil B AC2017-0009 en el Tribunal Superior de Aibonito es de liquidación de bienes gananciales entre las mismas partes.
   3. Admita que se liquidó la propiedad inmueble localizada en Barrio Llanos Carretera 725, casa 272-A Calle Jordán en Aibonito, Puerto Rico.
   4. Admita que el único bien que no se había liquidado era la casa, ya que las partes se habían divorciado hacía muchos años.
   5. Admita que usted suscribió una moción sobre transacción en la cual se acordó el pago de $20,000.00 por su participación en el bien inmueble y nunca se acordó ningún otro bien.
   6. Admita que usted firmó la Escritura Número 17 de 27 de mayo de 2021 ante el Notario Jesús M. Rivera Delgado sobre División de [B]ienes [G]ananciales.
   7. Admita que usted nunca tuvo bienes muebles para dividir en todos estos años.
   8. Admita que usted se fue a residir a los Estados Unidos durante muchos años luego del divorcio.
   9. Admita que usted nunca hizo constar ni en la Moción sometiendo Estipulación ni en la Escritura sobre Liquidación de Bienes Gananciales que había bienes muebles a dividir ni a recoger en el inmueble.

[17] Apéndice de la apelante, págs. 61-72, con anejos a las págs. 73-82.

[18] Apéndice de la apelante, págs. 83-88.

2. En el caso B AC2017-0009 sobre liquidación de bienes gananciales, la Demandante y el Codemandado **dispusieron de todos los bienes** que existían a la fecha de la presentación de la demanda en ese caso, mediante estipulación presentada y aprobada por el tribunal.

3. Como parte de los acuerdos transaccionales, la Demandante recibió $20,000.00 por un inmueble y **no se acordó ningún otro bien**.

4. La Demandante otorgó la escritura número 17 del 27 de mayo de 2021 ante el notario Jesús M. Rivera Delgado sobre División de Bienes Gananciales, mediante la cual cedió su participación al Codemandado, por lo cual la Demandante recibió la cantidad de $20,000.00.

5. En los años desde resuelto el caso B AC2017-0009 hasta el otorgamiento de la escritura número 17 del 27 de mayo de 2021 ante el notario Jesús M. Rivera Delgado sobre División de Bienes Gananciales **no se reclamó algún otro bien que el incluido en esa escritura**.

6. Desde el divorcio entre las partes atendido en el caso B DI2007-0117, hasta el otorgamiento de la escritura número 17 del 27 de mayo de 2021 ante el notario Jesús M. Rivera Delgado sobre División de Bienes Gananciales, **no se reclamó algún otro bien que el incluido en esa escritura**.

Al tenor de lo anterior, el foro primario declaró con lugar la solicitud de resolución abreviada del señor Collazo Rivera y desestimó la reclamación en su contra. No conteste, la señora Cartagena González solicitó infructuosamente la reconsideración de la decisión.[19] Inconforme aún por la negativa de variar el dictamen, la señora Cartagena González acudió oportunamente ante este tribunal revisor y señaló la comisión de los siguientes errores:

PRIMER ERROR: Erró el Tribunal de Primera Instancia (juez Alexis J. Carlo Ríos) al dictar sentencia sumaria y negarle a la apelante la oportunidad de probar su caso en un juicio en su fondo.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia (juez Alexis J. Carlo Ríos) al desestimar el caso, mediante sentencia sumaria, cuando existen controversias de hecho.

TERCER ERROR: Erró el Tribunal de Primera Instancia (juez Alexis J. Carlo Ríos) al no permitir el retiro o enmienda de la

---

[19] Apéndice de la apelante, págs. 89-94; 95.

admisión tácita del requerimiento de admisiones ya que ello contribuía a la disposición del caso en sus méritos.

CUARTO ERROR: Erró el Tribunal de Primera Instancia (juez Alexis J. Carlo Ríos) al no el permitir el retiro de la admisión tácita del requerimiento de admisiones, ya que dicha admisión tuvo el efecto de eliminar las alegaciones de la apelante, lo que la colocó en un estado de indefensión y le privó de su día en corte.

El señor Collazo Rivera compareció con su *Alegato*. Con el beneficio de ambas posturas, resolvemos.

**II.**

**-A-**

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones. En su parte pertinente, la norma procesal establece lo que sigue:

(a) *Requerimiento de admisión.* — A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que **admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1** contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, [. . .]

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. **Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas,** a menos que dentro de los **veinte (20) días de haberle sido notificado el requerimiento**, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, **una contestación suscrita bajo juramento** por la parte o una objeción escrita sobre la materia. [. . .]

. . . . . . . . .

(b) *Efecto de la admisión.* — Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, **el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa**. [. . .] (Énfasis suplido).

El requerimiento de admisiones no es propiamente un mecanismo de descubrimiento de prueba. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Sin embargo, según comenta el tratadista Cuevas Segarra, es una herramienta sencilla y económica, "de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000. La norma procesal autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia que se relacione con cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, así como la autenticidad de cualquier documento que se acompañe con el requerimiento. *Íd.* Este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 571.

En lo que compete al caso del epígrafe, la norma procesal dispone expresamente que la parte a la que se le cursó un requerimiento de admisiones tiene un **plazo de veinte (20) días para formular su contestación**, suscrita bajo juramento, u objetar contestar, con fundamentos. El interpelado tiene un deber afirmativo de responder y efectuar las gestiones necesarias para obtener la información para admitir o negar. *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico (marzo 2008), pág. 363; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171-172 (2007). De incumplir con el término reglamentario, las cuestiones sobre las cuales se solicitó la admisión **se tendrán por admitidas automáticamente**. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. En este sentido, **la Regla en cuestión no requiere que el tribunal emita una orden a esos efectos**. *Íd.* Nuestro Tribunal Supremo ha expresado que con esta norma se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174.

Además, nuestro más Alto Foro ha expresado que las disposiciones de la Regla 33 no son meramente directivas, sino mandatorias, por lo que se requiere su cumplimiento sustancial. Del mismo modo, se ha reconocido que **el requerimiento de admisiones puede utilizarse como base para luego solicitar una sentencia sumaria**. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. Claro está, al igual que ocurre con cualquier regla procesal, no se debe permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. *Íd.*, págs. 574-575.

**-B-**

La Regla 6.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.6, establece lo atinente a las normas que rigen las solicitudes de prórrogas.

> Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2. **El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita**. (Énfasis suplido).

En virtud de la norma procesal citada, las prórrogas deben concederse, siempre y cuando, se soliciten dentro del término establecido, es decir, antes que termine el plazo original, estén fundamentadas en justa causa y no sean perjudiciales a la parte contraria. *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). "**El término empezará a contar a partir del día siguiente al vencimiento del término cuya prórroga se solicita y no desde la notificación de la resolución del tribunal concediéndola, a menos que el tribunal disponga de distinta manera**". *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico (marzo 2008), págs. 85-86. (Énfasis suplido). Al respecto, el tratadista Cuevas Segarra menciona que, distinto a la creencia de que la prórroga empieza a contar desde la notificación de su concesión, la Regla 6.6 establece palmariamente que el término de la prórroga comienza a transcurrir el día siguiente del vencimiento del plazo cuya prórroga se solicita. Con ello, la norma procesal persigue desterrar la práctica de obtener prórrogas automáticas a partir de

la notificación de la orden, sin que exista justa causa, salvo que, a discreción del tribunal, éste la conceda desde la notificación, "cuando los intereses de la justicia se vean mejor servidos con un cómputo distinto, lo cual debe acreditarse de manera fehaciente". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 425. Por tanto, si bien se concede discreción a los jueces en la concesión de prórrogas y en la determinación de justa causa, ciertamente "la especificidad que impone la regla crea en cierta medida un límite a la discreción de los jueces y su liberalidad en la concesión de éstas". *Informe de Reglas de Procedimiento Civil*, supra, pág. 86. Ello así, porque los tribunales de instancia tienen la labor constitucional e indelegable de velar y garantizar que los procedimientos y asuntos se ventilen sin demora. J. Cuevas Segarra, *op. cit.*, pág. 430. En cuanto a los abogados, el Canon 12 de Ética Profesional[20] les exige diligencia en el trámite y presentación de las causas para evitar dilaciones indebidas. *Íd.*, pág. 429. Por nuestra parte, este foro apelativo "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, supra, págs. 745-746.

**-C-**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020). *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

---

[20] 4 LPRA Ap. IX, C. 12.

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V., R. 36.3; *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); S*LG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).

De otro lado, **la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada**. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero, además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2).

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en

el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA*, *supra*, pág. 941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univision*, *supra*, pág. 216.

Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Meléndez González et al v. M Cuebas,* 193 DPR 100, 118 (2015). **Este foro intermedio no puede adjudicar los hechos materiales y esenciales en disputa**. Esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo,* 161 DPR 307, 335 (2004). Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el Derecho a la controversia. *Meléndez González et al. v. M. Cuebas*, *supra*, págs. 118-119.

**III.**

Como cuestión de umbral, revisamos *de novo* la procedencia del dictamen por la vía de apremio. Al evaluar las formalidades de la norma

procesal, opinamos que el señor Collazo Rivera cumplió sustancialmente con la Regla 36.3 (a) de Procedimiento Civil, supra. Éste expuso brevemente las alegaciones de ambas partes y el asunto litigioso en controversia. Igualmente, enumeró los párrafos de los hechos sobre los cuales no existe controversia, según admitidos tácitamente por la señora Cartagena González. La parte apelada acompañó la petición con una declaración jurada y documentos en apoyo a las alegaciones admitidas. Por último, solicitó como remedio la desestimación de la reclamación.

En cuanto a la parte apelante, ésta enumeró los párrafos de refutación a los hechos incontrovertidos expuestos por el señor Collazo Rivera. En general, señaló al juzgador que no debía considerarlos por alegados incumplimientos formales y porque, a su entender, sí existe controversia de hechos. De la misma forma, expuso los hechos incontrovertidos y peticionó que no se resolvieran por la vía sumaria las alegaciones de su reclamación. La apelante unió a la solicitud su contestación incompleta del *Requerimiento de Admisiones*, juramentado el 5 de abril de 2022.

Examinados los documentos judiciales *de novo*, resolvemos que no existía impedimento para que el foro *a quo* resolviera por la vía sumaria parcial las contenciones de la *Demanda*. En adelante, debido a su intrínseca relación, examinamos en conjunto los señalamientos de error. En éstos, la apelante impugna la resolución abreviada y plantea la existencia de controversias. Rechaza que el tribunal no haya permitido el retiro de la admisión tácita del *Requerimiento de Admisiones*, que la colocan en un estado de indefensión.

En el presente caso, la parte apelada le sometió a la parte apelante un *Requerimiento de Admisiones* el **8 de febrero de 2022**, junto a dos mecanismos de descubrimiento de prueba: un interrogatorio y un requerimiento de documentos. De conformidad con el ordenamiento procesal, la señora Cartagena González debía emitir respuesta en o antes de **28 de febrero de 2020**. No obstante, antes de expirar el plazo, el día

22, la apelante solicitó una prórroga, que el tribunal concedió, a pesar de que, a nuestro juicio, no demostró justa causa. El nuevo término quedó pautado para el **18 de marzo de 2022**. Ese último día del término, nuevamente, la señora Cartagena González peticionó una extensión de diez días. El foro primario concedió la solicitud en la misma fecha, aunque la determinación se notificó el 24 de marzo de 2022. De conformidad con la Regla 6.6 de Procedimiento Civil, supra, el término finalizaba el **28 de marzo de 2022**.

A pesar de la concesión de las dos prórrogas, la señora Cartagena González no contestó ni objetó el *Requerimiento de Admisiones* en el término prorrogado provisto, sino hasta el **5 de abril de 2022**, ocasión en que hizo entrega de una contestación incompleta.[21] Ese día en la mañana, por tercera ocasión, el señor Collazo Rivera había solicitado la admisión tácita y, en la misma fecha, el tribunal emitió una *Resolución*, mediante la cual **tomó conocimiento de la operación automática**. Según esbozamos, la norma procesal que regula este procedimiento es precisa al establecer que el incumplimiento del término implica que "[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas [. . .]".

Nótese que, en el caso del título, la apelante contestó parcialmente el *Requerimiento de Admisiones* ocho días tarde, no uno como alega bajo el supuesto errado de que el plazo expiraba el día 4 de abril de 2022. **Tampoco solicitó el retiro o enmienda de las admisiones**, por lo que el apelado no estaba obligado a demostrar cómo el retiro de las éstas o su enmienda afectaba adversamente su defensa. Entonces, las admisiones se consideran como definitivas. Por tanto, es forzoso concluir que el requerimiento no sólo quedó **automática y tácitamente admitido por virtud del transcurso del plazo**, sino que fue específicamente dado por admitido por el foro primario, luego de la tercera solicitud del señor Collazo Rivera. Posteriormente, a base de estas admisiones, el apelado solicito que

---

[21] Surge que no contestó el noveno requerimiento de admisión.

se dictara sentencia sumaria a su favor. Como resultado, del expediente se desprende que **la comunidad de bienes postganancial fue liquidada en su totalidad y no hubo reclamó de algún otro bien entre las partes**. Dado lo anterior, el foro primario dictó la *Sentencia Parcial Enmendada*, en la que desestimó la *Demanda*.

Somos del criterio que la parte apelante hace abstracción del trámite judicial que desencadenó en la pérdida autoinfligida de su reclamo. Luego de un minucioso examen del caso y reconstrucción de dicho trámite, opinamos que la señora Cartagena González no demostró la comisión de ninguno de los errores imputados. Decididamente, el cumplimiento de las normas procesales por parte del tribunal impugnado no equivale a que éste haya abusado de su discreción, ni actuado con pasión, prejuicio o parcialidad. Por el contrario, el foro primario no sólo concedió las dos prórrogas solicitadas, sino que oportunamente advirtió a la apelante el procedimiento a seguir. En la *Resolución* de 22 de febrero de 2022, notificada el día 24,[22] el foro de primera instancia indicó que la admisión tácita operaba sin intervención del tribunal y que, conforme con la Regla 33 de Procedimiento Civil, supra, y la jurisprudencia que la interpreta, la apelante tenía que solicitar el relevo y fundamentar bajo los criterios aplicables. Así, pues, el foro *a quo* no se equivocó en la aplicación mandatoria de la norma procesal sobre el requerimiento de admisiones. En consecuencia, no procede nuestra intervención.

**IV.**

A la luz de los fundamentos antes expuestos, se confirma la *Sentencia Parcial Enmendada* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] SUMAC, entrada 35.