TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARINA MEDINA MORALES; SOLANYA VARGAS GONZÁLEZ<br><br>RECURRIDOS<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; JUNTA DE RETIRO; LUIS M. COLLAZO RODRÍGUEZ<br><br>PETICIONARIOS | KLAN202300820<br><br>CONSOLIDADO CON: | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2019CV06683<br><br>(806)<br><br>Sobre:<br><br>LEY DE REPRESALIAS Y OTROS |
| CARINA MEDINA MORALES; SOLANYA VARGAS GONZÁLEZ<br><br>RECURRIDOS<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; JUNTA DE RETIRO; LUIS M. COLLAZO RODRÍGUEZ<br><br>PETICIONARIOS | KLAN202300826 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2019CV06683<br><br>(806)<br><br>Sobre:<br><br>LEY DE REPRESALIAS Y OTROS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda del Toro.

Brignoni Mártir; Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Mediante los recursos de apelación consolidados, los apelantes de epígrafe, la Junta de Retiro (KLAN202300820) y el Lcdo. Luis M. Collazo Rodríguez (KLAN202300826) —en su carácter oficial como Administrador del Sistema de Retiro—, nos piden que revisemos la *Sentencia Parcial* dictada el 10 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Moción en solicitud de sentencia sumaria*

presentada por el Lcdo. Luis M. Collazo Rodríguez, donde solicitaba la desestimación de la causa de acción en su contra en su carácter oficial, y a su vez declaró Ha Lugar de forma parcial la *Moción de solicitud de sentencia sumaria* presentada por la Junta de Retiro. En esta última, desestimó las causas de acción de debido proceso de ley, discrimen por edad y discrimen político, aunque se negó a desestimar las causas de acción de represalias y acoso laboral. Luego de examinados los expedientes y a la luz de los fundamentos que proceden, se *confirma* la sentencia recurrida.

**I.**

El 26 de junio de 2019, la Lcda. Carina Medina Morales (en adelante "Lcda. Medina") y la Lcda. Solanya Vargas González (en adelante "Lcda. Vargas") presentaron una demanda contra el Estado Libre Asociado de Puerto Rico, la Junta de Retiro (en adelante, "Junta") y el Lcdo. Luis M. Collazo Rodríguez (en adelante, "Lcdo. Collazo"), este último en su capacidad personal y oficial. Las demandantes alegaron que el 31 de mayo de 2019 fueron injustamente despedidas de sus puestos como Oficiales Examinadoras de la Junta de Retiro. Adujeron: 1) que fueron despedidas sin un debido proceso de ley —el cual se debió observar ya que ostentaban puestos de carrera—; 2) que sufrieron represalias al amparo de la *Ley 115 de 20 de diciembre de 1991*, 29 LPRA § 194 *et seq.*; 3) que fueron discriminadas debido a sus afiliaciones políticas, y 4) que en el caso de la Lcda. Vargas, esta sufrió discrimen por razón de edad.[1]

Durante el trámite del pleito, este Tribunal desestimó la causa de acción presentada contra el Lcdo. Collazo en su carácter personal, por entender que era de aplicación la defensa de inmunidad condicionada.[2] Al año siguiente, el caso estuvo nuevamente ante nuestra consideración, y en esa ocasión se modificó el dictamen del TPI para ordenar la suspensión de la auto-representación de las demandantes.[3]

---

[1] Apéndice del recurso de apelación del Lcdo. Collazo, Anejo 1, pág. 1-17.
[2] KLCE202000673 (3 de febrero de 2021).
[3] KLCE202000673 (10 de febrero de 2022).

Luego de varios trámites procesales, el 18 de julio de 2022 todas las partes presentaron sus respectivas mociones de sentencia sumaria. La Lcda. Medina y la Lcda. Vargas presentaron conjuntamente una *Moción de sentencia sumaria* donde reiteraron las alegaciones de la *Demanda*, reclamando que fueron despedidas sin un debido proceso de ley, del cual eran acreedoras por poseer puestos de carrera. Enfatizaron que, aun siendo consideradas empleadas de confianza por la Junta, tenían derecho a ser notificadas de las infracciones y a la celebración de una vista.

Por su parte, el Lcdo. Collazo adujo en su *Moción en solicitud de Sentencia Sumaria* que su puesto de Administrador no posee capacidad legal separada de la Junta de Gobierno, por tanto, procedía la desestimación de la causa de acción en su contra en su carácter oficial.

En cambio, la Junta de Retiro arguyó en su *Moción en solicitud de sentencia sumaria* que aun siendo cierto que la Junta autorizó el cambio de categoría de los puestos de oficiales examinadores de confianza a carrera, era necesario la anuencia de la Oficina de Gerencia y Presupuesto, la cual nunca se obtuvo.

El 10 de julio de 2023 el TPI emitió una *Sentencia Parcial*, donde declaró No ha lugar a la *Solicitud de Sentencia Sumaria* presentada por la Lcda. Medina y la Lcda. Vargas. Similarmente declaró No ha lugar la *Moción en solicitud de sentencia sumaria* presentada por el Lcdo. Collazo. Por otro lado, declaró con lugar de forma parcial la *Moción en solicitud de sentencia sumaria* presentada por la Junta de Retiro, desestimando así las causas de acción sobre debido proceso de Ley, discrimen por razón de edad y discrimen político.

El foro inferior razonó que las demandantes no eran acreedoras de un debido proceso de ley ya que sus puestos nunca fueron reclasificados de puestos de confianza a puestos de carrera, porque además de la anuencia de la Junta de Retiro era necesario la aprobación de la Oficina de Gerencia y Presupuesto, según dicta la *Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto*

*Rico*, Ley Núm. 66-2014, 3 LPRA § 9101, *et seq.*[4] En cuanto al discrimen político, el TPI entendió que no obraba del expediente que las demandantes hubieran presentado prueba dirigida a demostrar que fueron sustituidas por personas con ideologías políticas distintas.[5] Similarmente, se desestimó la causa de acción de discrimen por edad ya que el TPI estimó que la Lcda. Vargas no presentó prueba que permitiera activar la presunción de la *Ley Antidiscrimen de Puerto Rico*, Ley 100 de 30 de junio de 1959, 29 LPRA § 146, *et seq.*[6]

Sin embargo, el foro inferior no encontró adecuado desestimar las causas de acción de represalias y acoso u hostigamiento laboral por estimar que las partes incumplieron con colocar al tribunal en posición de evaluar conjuntamente las versiones encontradas de los hechos. Por tanto, entiende que existen hechos en controversia que impiden resolver las causas de acción por la vía sumaria.[7] El TPI tampoco procedió con la desestimación de la demanda contra el Lcdo. Collazo en su carácter oficial por entender que se alegan hechos realizados por Collazo, por sí mismo y en su capacidad oficial, o a través de su personal de confianza en contra de las demandantes, y que además, éste continua ejerciendo como funcionario de la Junta de Retiro.[8] El TPI fundamentó su decisión en la determinación de este Tribunal, cuando desestimamos la causa de acción en contra del Lcdo. Collazo en su carácter personal por entender que las actuaciones imputadas fueron en el desempeño de sus funciones como Administrador.[9]

Posteriormente, el Lcdo. Collazo y la Junta presentaron sus respectivas reconsideraciones el 26 de julio de 2023,[10] a las cual se opusieron las demandantes el 15 de agosto de 2023,[11] y el 18 de agosto el TPI emitió una resolución donde declaró No Ha Lugar las

---

[4] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 38- 44.
[5] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 52- 53.
[6] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 45- 51.
[7] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 53-56.
[8] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 57-58.
[9] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 57 (refiriéndose a nuestra *Sentencia* de 3 de febrero de 2021 (KLCE202000673)).
[10] Apéndice del recurso de apelación del Lcdo. Collazo, Anejo 8, pág. 128.
[11] Apéndice del recurso de apelación del Lcdo. Collazo, Anejo 9, pág. 134.

reconsideraciones. [12] Inconforme, el Lcdo. Collazo recurre ante este Tribunal y alega la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR QUE LA MOCIÓN DE SENTENCIA SUMARIA DEL CODEMANDADO LUIS M. COLLAZO RODRÍGUEZ QUEDÓ SOMETIDA ANTE SU CONSIDERACIÓN <u>SIN OPOSICIÓN DE LA PARTE DEMANDANTE</u> SEGÚN DISPONE LA REGLA 36.3, INCISO C, DE LAS DE PROCEDIMIENTO CIVIL VIGENTES.
>
> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA DESESTIMACIÓN DE LA DEMANDA EN CONTRA DEL CODEMANDADO LUIS M. COLLAZO RODRÍGUEZ EN SU CARÁCTER OFICIAL.

Por su parte, la Junta de Retiro señala la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EXISTEN CONTROVERSIAS DE HECHOS EN CUANTO A 1) SI LA PARTE DEMANDANTE HABÍA SUFRIDO ACOSO U HOSTIGAMIENTO LABORAL; 2) SI LA PARTE DEMANDANTE HABÍA SIDO CESADA DE SUS FUNCIONES EN REPRESALIAS, CUANDO EN REALIDAD ESTAS SON LAS CONCLUSIONES DE DERECHO QUE DEBE HACER EL TRIBUNAL
>
> **SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LAS CAUSAS DE ACCIÓN POR ACOSO U HOSTIGAMIENTO LABORAL, ASÍ COMO EN REPRESALIAS, DADO QUE LOS HECHOS INCONTROVERTIDOS DETERMINADOS POR EL TRIBUNAL DE PRIMERA INSTANCIA SUSTENTAN QUE LA JUNTA NO INCURRIÓ EN DICHOS ACTOS
>
> **TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR COMO HECHOS INCONTROVERTIDOS QUE, EN PRIMER LUGAR, EL 10 DE MAYO DE 2019, LA LCDA. SOSA PRESENTO AL LCDO. COLLAZO UN INFORME DE HALLAZGO SOBRE LA OFICINA DE LA JUNTA DE RETIRO" Y, EN SEGUNDO LUGAR, EL INFORME DE HALLAZGOS CONTIENE EL ESTADO DE LOS TRABAJADORES DE LA OFICINA DE LA JUNTA AL 10 DE MAYO DE 2019" CUANDO LA PARTE DEMANDANTE FALLÓ EN PRESENTAR PRUEBA QUE LOS CONTROVIRTIERA.

**II.**

A. Sentencia Sumaria

---

[12] Apéndice del recurso de apelación del Lcdo. Collazo, Anejo 10, pág. 140.

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. León Torres v. Rivera Lebrón, 204 DPR 20, 41 (2020). Rodríguez Méndez, et als v. Laser Eye, 195 DPR 769, 784 (2016); Lugo Montalvo v. Sol Meliá Vacation, 194 DPR 209, 225 (2015).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V., R. 36.3; Rodríguez García v. UCA, 200 DPR 929, 940 (2018); SLG Zapata Rivera v. J. F. Montalvo, 189 DPR 414, 432 (2013).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada. Ramos Pérez v. Univisión, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero, además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas

de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2). Es decir, el promovido no puede descansar en meras alegaciones y afirmaciones. Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. SLG Zapata Berríos v. JF Montalvo, supra; Ramos Pérez v. Univisión, supra, pág. 215. De incumplir con ello, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho. León Torres v. Rivera, supra, pág. 44; SLG Zapata-Rivera v. J.F. Montalvo, supra.

No obstante, aun en ausencia de prueba que controvierta la evidencia presentada por la parte promovente, esto no significa que procederá la moción de sentencia sumaria automáticamente, pues el tribunal no está obligado a resolver a favor del promovente. Se resolverá a favor de este si el juzgador "queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria". Mun. de Añasco v. ASES et al, 188 DPR 307, 327 (2013). Véase, además, Fernández Martínez v. RAD-MAN SJ, LLC, 208 DPR 310, 337 (2021); Jusino Figueroa v. Walgreens of San Patricio, 155 DPR 560, 578 (2001); Piovanetti García v. Touma, 178 DPR 745, 774 (2010).

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. Rodríguez García v. UCA,

supra, pág. 941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. Ramos Pérez v. Univisión, supra, pág. 216. Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, supra, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión de novo y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. Meléndez González et al v. M Cuebas, 193 DPR 100, 118 (2015).

Nos toca analizar los documentos que acompañan la moción que solicita la sentencia sumaria y los documentos incluidos con la moción en oposición, y aquéllos que obren en el expediente del tribunal; con el fin de determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. S.L.G. v. S.L.G., 150 DPR 171, 193 (2000). Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el tribunal dirima cuestiones de credibilidad. Rosado Reyes v. Global Healthcare, 205 DPR 796, 809 (2020). Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. Vera v. Dr. Bravo, 161 DPR 307, 335 (2004).

En fin, nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó

correctamente el Derecho a la controversia. Meléndez González et al. v. M. Cuebas, supra, págs. 118-119.

Toda injerencia razonable que pueda surgir de los hechos y de la prueba documental presentada se debe resolver de forma desfavorable para el promovente de la sentencia sumaria. Ello, dado a que la sentencia sumaria solo procede si bajo ningún supuesto de hechos prevalece el promovido. ELA v. Cole, 164 DPR 608, 626 (2005). Siendo así, destacamos que cuando existen cuestiones de credibilidad, como regla general, no procede una solicitud de sentencia sumaria. Segarra Rivera v. Int'l Shipping et al, 208 DPR 964 (2022). De esta manera se salvaguarda el deber de prudencia que debe presentar un juzgador al evaluar la referida solicitud.

**III.**

El Lcdo. Collazo arguye que como la Lcda. Medina y la Lcda. Vargas no presentaron propiamente una oposición a su moción de sentencia sumaria, que los hechos alegados en esta quedaron incontrovertidos y, por tanto, admitidos. No le asiste la razón. Como discutimos anteriormente, la Regla 36 de Procedimiento Civil, *supra*, establece que el TPI *podrá* tomar como admitidos los hechos alegados en ausencia de prueba que los controvierta, mas no está obligado a ello.

Con relación al segundo error, el Lcdo. Collazo argumenta que su presencia en el caso es como parte nominal y que su título como Administrador no tiene capacidad jurídica separada de la entidad gubernamental. Por tanto, considerando que las alegaciones hechas en la demanda solo fueron relacionadas a su carácter personal, procedía la desestimación de la causa de acción en su capacidad oficial por ser esta una ficción jurídica. Para fundamentar lo anterior citó a Cirino González v. Administración de Corrección, 190 DPR 14 (2014).

Es nuestro entender que el foro primario tampoco erró al no desestimar la causa de acción en su capacidad oficial. El Lcdo. Collazo nos explica que el TPI avaló su teoría de que su capacidad oficial era una ficción

jurídica, basada en su análisis de *Cirino González v. Administración de Corrección*, *Id.*, cuando en realidad el TPI distinguió ese caso del de autos por tratarse de defectos en el emplazamiento.[13] El Lcdo. Collazo también alega que el TPI concluyó que "la persona natural nombrada como demandada en su carácter o capacidad oficiales no responde, de manera alguna, en un pleito de ese tipo y, de hecho, debe ser eliminada aun nominalmente del pleito al cesar en las funciones",[14] cuando realmente esas expresiones del TPI fueron parte del derecho aplicable de su sentencia, que luego fueron utilizadas para fundamentar su decisión de no desestimar la causa de acción ya que el Lcdo. Collazo no había cesado funciones como administrador de la Junta.[15]

A nuestro juicio, el foro primario acertadamente concluyó que no procedía la desestimación, pues entendió que se trataba de un asunto ya juzgado por este Tribunal en nuestra *Sentencia* del 3 de febrero de 2021. Aun examinadas nuevamente las alegaciones, nos vemos obligados a reiterar que, en efecto, "es claro que las actuaciones imputadas contra el peticionario fueron llevadas a cabo por este durante el desempeño de sus funciones como Administrador y como Director del Sistema de Retiro".[16]

Ya atendidos los señalamientos de error del Lcdo. Collazo, pasamos a los señalamientos de error de la Junta. Por estar relacionados, se discutirán los primeros dos señalamientos de error conjuntamente.

Arguye la Junta que, en relación con las causas de acción de acoso u hostigamiento laboral y represalias, el foro primario erró al clasificar como hechos en controversia lo que fueron conclusiones de derecho. Estima que, de haberlos tratado como conclusiones de derecho, hubiera procedido la desestimación de las causas de acción pues solo restaba aplicar el derecho a los hechos. Consideramos inmeritorios los argumentos de la Junta.

---

[13] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 57.
[14] Recurso de Apelación del Lcdo. Collazo, citando la *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 36.
[15] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 58.
[16] *Sentencia* de 3 de febrero de 2021, pág. 13 (KLCE202000673))

El TPI dejó claro que se le imposibilitaba dirimir la controversia por la vía sumaria pues existían elementos de credibilidad por dilucidar. Tanto es así, que el foro expuso que "por cada hecho planteado por las partes para sustentar sus posturas en estas causas de acción, se identificaba que ese hecho, a su vez, contenía una gran cantidad de hechos que dificultaban o no permitían entender el hecho propuesto, aun al examinar los anejos."[17] Se desprende patentemente de la *Sentencia Parcial* que existían numerosos hechos en controversia que justificaba la celebración de un juicio, por tanto, no erró el foro al no desestimar las casusas de acción.

Finalmente, la Junta argumenta que el foro inferior erró al no clasificar como hechos incontrovertibles que el 10 de mayo de 2019 la Lcda. Sosa, quien laboraba como supervisora de los Examinadores, presentó al Lcdo. Collazo un Informe de Hallazgos sobre la Oficina de la Junta de Retiro, y que el Informe contenía el estado de los trabajadores de la oficina hasta el 10 de mayo de 2019. Resolvemos que el aducido error no se cometió. Reiteramos que el foro primario acertadamente entendió que habían hechos controvertidos que impedían una disposición sumaria del asunto en cuestión, incluyendo los argumentos de credibilidad que la parte apelada planteo en el presente error.

**IV.**

En virtud de todo lo expuesto *confirmamos* la muy bien fundamentada *Sentencia Parcial* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] *Sentencia Parcial* del TPI de 10 de julio de 2023, pág. 54.