Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EDWIN ANAYA CORTIJO RECURRIDO V. CARMEN YANIRA GONZÁLEZ RODRÍGUEZ PETICIONARIA | KLCE202400740 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: AY2021CV00096 GM2022CV00241<br><br>Sobre: Desahucio en Precario, Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, Carmen Yanira González Rodríguez (en adelante, "la peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 29 de abril de 2024 y notificada el 30 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante la referida determinación, dicho tribunal declaró *No Ha Lugar* el "*Escrito solicitando se dicte sentencia sumaria Regla 36 de procedimiento civil*," presentado por la peticionaria. Todo, dentro de un pleito consolidado sobre desahucio e incumplimiento de contrato en el que comparece como parte recurrida, Edwin Anaya Cortijo (en lo sucesivo, "el recurrido").

Por los fundamentos que expondremos, determinamos *no expedir* el recurso de *certiorari* presentado.

**I.**

El presente caso tiene su origen en la "*Demanda*," instada bajo la reclamación AY2021CV00096. Ésta fue presentada por el recurrido el 29 de

Número Identificador
RES2024 _____

diciembre de 2021, y posteriormente enmendada por dicha parte en la fecha de 8 de febrero de 2022. En la "*Primera Demanda Enmendada*," el recurrido presentó alegaciones en contra de la peticionaria sobre incumplimiento de contrato y daños y perjuicios. Expuso, que suscribió junto a la peticionaria un contrato de arrendamiento, en el cual la peticionaria compareció en calidad de arrendadora y él en calidad de arrendatario. Expresó, que el objeto del negocio jurídico lo fue un inmueble sito en el Municipio de Arroyo. Alegó, que la peticionaria incumplió con lo acordado en el referido contrato, dado que, obstaculizó el uso y disfrute del bien, según se había pactado. Particularmente, adujo que la peticionaria realizaba actos para expulsar los clientes que acudían al negocio que operaba en el inmueble arrendado. Además, planteó que dicha recurrida no quiso arreglar el tamaño de las tuberías de la propiedad. Ante ello, solicitó una indemnización en daños sufridos valorada en $100,000.00, más daños punitivos.

En respuesta, el 14 de marzo de 2022, la peticionaria presentó una "*Contestación a Demanda Enmendada*." En síntesis, negó las alegaciones de la "*Primera Demanda Enmendada*" sobre incumplimiento de contrato y daños y perjuicios. Sostuvo, que el recurrido había podido usar y disfrutar de su posesión de hecho sobre el bien inmueble en cuestión. De otra parte, la peticionaria también instó una reconvención. Entre otras cosas, adujo que el recurrido había realizado expresiones falsas de incumplimiento contractual. Además, planteó que en realidad era el recurrido quien había incumplido con sus obligaciones contractuales. Esgrimió que entre dichas obligaciones se encontraba el que debía entregarle una copia de la póliza de seguro contra incendios que adquiriera para su negocio, lo cual no realizó. Finalmente, peticionó al foro recurrido $25,000.00 en concepto de incumplimiento contractual; $25,000.00 en pago de indemnización por dolo en el otorgamiento del contrato; y $5,000.00 en concepto de honorarios de abogado.

Luego de varias incidencias procesales que no son necesarias de pormenorizar, el 11 de abril de 2022, la peticionaria instó una "*Demanda*,"

bajo el caso GM2022CV00241.[1] Mediante esta, alegó que el término de un (1) año pactado en el contrato de arrendamiento venció el 15 de marzo de 2022. Añadió, que el recurrido no había satisfecho el canon de arrendamiento acordado en el referido contrato. Además, presentó alegaciones sobre vicios del consentimiento al momento de otorgar el contrato en cuestión. Particularmente, esgrimió que el recurrido no le notificó al suscribir el contrato de unos cargos criminales que existían en su contra, por lo que entendía que hubo dolo grave al momento de perfeccionar dicho contrato. En virtud de lo expuesto, solicitó al tribunal de instancia que ordenara al recurrido desalojar la propiedad objeto de contrato, dado que, la había poseído de forma precaria.

Posteriormente, el 13 de marzo de 2023, la peticionaria presentó un "*Escrito solicitando se dicte sentencia sumaria Regla 36 de procedimiento civil.*"[2] En esencia, reiteró los mismos planteamientos que expuso en la presentación de su "*Demanda.*" Así pues, adujo que no existía controversia en que el término del contrato de arrendamiento había vencido. Agregó, que tampoco era un hecho controvertido que el recurrido continuaba en la posesión precaria del inmueble en cuestión sin pagar canon de arrendamiento alguno. A tenor de ello, sostuvo que el recurrido le adeudaba la cantidad de $7,800.00 en concepto de pago de renta. A su vez, expuso que el recurrido había ocultado los cargos criminales que obraban en su contra, lo cual de haberlo sabido le hubiera impedido dar su consentimiento para la perfección del contrato. En virtud de lo expuesto solicitó sentencia sumaria a su favor al amparo de la Regla 36 de las Reglas de Procedimiento Civil, 32 LPRA. Ap. V, R. 36.1.

---

[1] El 16 de mayo de 2022, el recurrido peticionó al tribunal de instancia que consolidara la reclamación de desahucio (caso: GM2022CV00241) con la "*Demanda*" que él había instado sobre incumplimiento contractual y daños y perjuicios (caso: AY2021CV00096). En atención de ello, el 24 de mayo de 2022, dicho tribunal notificó una "Orden y Resolución" mediante la cual concedió lo peticionado por el recurrido.

[2] Para apoyar la procedencia de su petitorio, la peticionaria presentó la siguiente prueba documental: "*Declaración Jurada*" suscrita por Carmen Yanira González Rodríguez del 7 de marzo de 2022; y "*Denuncia*" contra Edwin Ernesto Anaya del 4 de abril de 2022.

En reacción, el 23 de junio de 2023, el recurrido presentó una "*Oposición a Solicitud para que se Dicte Sentencia Sumaria*."[3] En síntesis, argumentó que no procedía que el presente caso fuera resuelto por la vía sumaria. A la luz de ello, sostuvo que había controversia respecto a varios hechos esenciales, tales como la existencia de un incumplimiento contractual por parte de la peticionaria. Específicamente, si dicha parte incumplió con sus obligaciones de arrendadora de entregar un inmueble apto para llevar a cabo el negocio por el cual se arrendó. Añadió, que existía controversia sobre si tenía un deber de notificarle a la peticionaria sobre sus convicciones previas. Agregó, que estaba en controversia lo pactado con relación a la prórroga del contrato de arrendamiento. A su vez, arguyó que era un hecho controvertido las actuaciones que ejerció la peticionaria a los fines de interrumpir su posesión pacífica de la propiedad. Además, sostuvo que el caso presentaba elementos relacionados a la intención, los cuales no podían inferirse mediante una disposición sumaria del pleito. Planteó, que las alegaciones levantadas por la peticionaria sobre dolo en la contratación era uno de dichos elementos. Ante ello, el recurrido solicitó que se declara *No Ha Lugar* el "*Escrito solicitando se dicte sentencia sumaria Regla 36 de procedimiento civil*," presentado por la peticionaria.

Así las cosas, el 13 de septiembre de 2023, el recurrido presentó una "*Contestación a Demanda de Desahucio*." Mediante esta, negó que el término estipulado en el contrato de arrendamiento estuviera vencido, dado que él tenía la opción de extender dicho término por un (1) año adicional. A su vez, sostuvo que la peticionaria no cumplió con sus obligaciones contractuales, por lo que no adeudaba canon de arrendamiento alguno. De igual modo, negó las alegaciones relacionadas a la existencia de algún vicio del consentimiento en la contratación. De otra parte, argumentó que la reclamación de desahucio no procedía, dado que, el inmueble fue entregado

---

[3] Para apoyar la procedencia de su petitorio, el recurrido presentó la siguiente prueba documental: "*Contrato de Arrendamiento*;" Documento intitulado "*Permiso Único*;" "*Informe de Hallazgos Inspección a Establecimiento de Comida (FSE*), con número de identificación: 18726;" "*Informe de Hallazgos Inspección a Establecimiento de Comida (FSE*), con número de identificación: 46743; Misiva dirigida a la señora Carmen González Rodríguez del 10 d enero de 2022; Carta dirigida a señor Edwin Anaya Cortijo;

a la peticionaria, y se dictó "*Sentencia Parcial*" sobre dicho asunto. Finalmente, peticionó al foro recurrido que declarara *No Ha Lugar* la "*Demanda*" incoada por la peticionaria. Además, le solicitó que ordenara a la referida parte el pago de honorarios de abogado.

Luego de varios trámites procesales que no son pertinentes al asunto ante nuestra consideración, el 30 de abril de 2024, el foro recurrido notificó la "*Resolución*" que nos ocupa. Mediante esta, dicho foro declaró *No Ha Lugar* el "*Escrito solicitando se dicte sentencia sumaria Regla 36 de procedimiento civil*," presentado por la peticionaria.

En dicha "*Resolución"* el tribunal de instancia esbozó los siguientes hechos no controvertidos:

1. El Sr. Edwin Anaya Cortijo y la Sra. Carmen Yanira González Rodríguez otorgaron un contrato de arrendamiento el día 15 de marzo de 2021 por un término de 1 año.

2. El objeto del contrato era un local comercial número cinco (5) de la planta baja del edificio que ubica en la Calle Morse número sesenta y seis (66) Interior del pueblo de Arroyo, Puerto Rico.

3. El canon de arrendamiento acordado fue por la cantidad de $650.00.

4. En dicho local la parte demandante, el Sr. Anaya Cortijo, estableció su local comercial llamado "La Fondita Bucanera" el cual era cafetería con venta de bebidas alcohólicas al detal.

5. El día 4 de junio de 2021 la Autoridad de Acueductos y Alcantarillados realizó un Informe de Hallazgos Inspección a Establecimiento de Comida donde se señaló que: "La trampa de grasa del local no posee regulador de flujo, el registro no tiene un diámetro mínimo de cuatro pulgadas, el establecimiento no tiene un plan de manejo y control de grasas y aceites y que no mantiene evidencia de adiestramientos sobre las buenas prácticas de manejo de empleados".

6. El día 8 de noviembre de 2021 la Autoridad de Acueductos y Alcantarillados efectuó otra inspección y volvió a señalar que "la trampa de grasa del negocio no posee un regulador de flujo y que el registro de salida no tiene el diámetro mínimo necesario de 4", además que el área de fregadero no estaba rotulada".

7. La parte demandante envió una carta el 10 de enero de 2022 donde le expresaba a la demandada su intención de extender el contrato de arrendamiento del local por un año, a lo cual la señora González respondió que no estaba de acuerdo el mismo día.

8. El 28 de enero de 2022 la demandada envió, a través del Lcdo. Juan C. Martín Meléndez, una carta al demandante donde le informa su interés de dar por terminado el contrato de arrendamiento.

9. El 7 de marzo de 2022 al Sr. Edwin Anaya Cortijo se le radicó una denuncia por violación a la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada Art. 5 Grave.

10. El 4 de abril de 2022 al Sr. Edwin Anaya Cortijo se le radicó una acusación por violación a la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada Art. 5 Grave.

A su vez, esbozó los siguientes hechos en controversia:

1. El mecanismo de renovación del contrato de arrendamiento otorgado por las partes.

2. Si la parte demandante-arrendataria adeuda cánones por concepto de arrendamiento a la arrendadora, de ser en la afirmativa delimitar la cuantía adeudada.

3. Ambas partes han alegado incumplimiento de contrato, determinar si en efecto hubo incumplimiento de contrato.

4. Si la parte demandante incumplió con sus deberes como arrendatario.

5. Si la parte demandada incumplió con sus deberes como arrendadora.

6. Si la parte demandante-arrendataria tenía el deber de informar a la demandada-arrendadora sobre los hechos que éste había sido condenado por un caso de naturaleza sexual ocurrido en los Estados Unidos y era un ofensor sexual.

7. Si el hecho del demandante no informar sobre su condena previa constituye dolo, que invalida el contrato.

Inconforme, el 14 de mayo de 2024, la peticionaria de forma oportuna presentó un escrito de reconsideración, el cual fue declarado *No Ha Lugar* el 4 de junio de 2024, por el foro recurrido. Nuevamente inconforme, el 8 de julio de 2024, la peticionaria presentó un recurso de *certiorari* ante nos. En dicho recurso, esbozó los siguientes señalamientos de error:

1. Cometió manifiesto el Tribunal de Instancia al declarar sin lugar petición sobre sentencia sumaria (Regla 36.1) presentada por la parte compareciente.

2. Cometió error manifiesto el Tribunal de Instancia al declarar sin lugar petición sobre sentencia sumaria (Regla 36.1) presentad[a] por la parte compareciente, sin haber celebrado vista, a pesar de su solicitud, concesión en vista celebrada, privando a la parte compareciente de un proceso justo, componente esencial de un debido proceso de ley.

3. Cometió error manifiesto el Tribunal de Instancia al declarar sin lugar petición sumaria (Regla 36.1), acogiendo hechos como ausentes de controversia, presentados por la parte demandante, a pesar de su improcedencia, como cuestión de hecho y derecho, así como el incumplimiento de la parte demandante con la regla 36.1 y siguientes de procedimiento civil.

4. Cometió error manifiesto el Tribunal de Instancia al declarar sin lugar petición sumaria (Regla 36.1), excluyendo de su resolución, hechos ausentes de controversia presentados por la parte demandada-recurrente, en forma contraria a la regla 36.4 de procedimiento civil.

5. Cometió error manifiesto el Tribunal de Instancia al ordenar [sic] prestación de fianza a la parte demandada compareciente, como parte de un remedio provisional bajo la regla 56.1 de procedimiento civil.

**II.**

**A.** *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del certiorari "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de*

*León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *Id*, pág.

736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.       Sentencia Sumaria:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V., R. 36.3; *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *SLG Zapata Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero,

además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2). Es decir, el promovido no puede descansar en meras alegaciones y afirmaciones. *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120. Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. *SLG Zapata Berríos v. JF Montalvo, supra*; *Ramos Pérez v. Univisión, supra*, pág. 215. De incumplir con ello, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho. *León Torres v. Rivera, supra*, pág. 44; *SLG Zapata-Rivera v. J.F. Montalvo, supra.*

No obstante, aun en ausencia de prueba que controvierta la evidencia presentada por la parte promovente, esto no significa que procederá la moción de sentencia sumaria automáticamente, pues el tribunal no está obligado a resolver a favor del promovente. Se resolverá a favor de este si el juzgador "queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria". *Mun. de Añasco v. ASES et al*, 188 DPR 307, 327 (2013) (énfasis suplido). Véase, además, *Fernández Martínez v. RAD-MAN SJ, LLC*, 208 DPR 310, 337 (2021); *Jusino Figueroa v. Walgreens of San Patricio*, 155 DPR 560, 578 (2001); *Piovanetti García v. Touma*, 178 DPR 745, 774 (2010).

Si la parte quien se opone a la solicitud de sentencia sumaria utiliza declaraciones juradas como su mecanismo para admitir prueba, estas se basarán en el conocimiento personal del o la declarante, además que contendrán hechos que sean admisibles y demuestren que él o la declarante

está cualificado para testificar. 32 LPRA Ap. V, R. 36.5. Por otra parte, la Regla 36.6 establece que:

Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa. 32 LPRA Ap. V, R. 36.6.

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA, supra*, pág. 941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión, supra*, pág. 216 (énfasis suplido).

Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, supra, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de*

*Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nos toca analizar los documentos que acompañan la moción que solicita la sentencia sumaria y los documentos incluidos con la moción en oposición, y aquéllos que obren en el expediente del Tribunal; con el fin de determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 193 (2000). Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004). En fin, nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

**III.**

En este caso, el foro recurrido determinó que existían varios hechos esenciales en controversia, los cuales impedían la disposición sumaria del pleito. A la luz de lo anterior, concluyó que era necesario celebrar una vista en su fondo mediante la cual las partes pudieran sustentar sus posturas y el tribunal aquilatar la prueba presentada.

Tras una detenida revisión **de *novo*** de la totalidad del expediente ante nos, determinamos que no existe criterio jurídico alguno que nos lleve a

intervenir en los méritos de la determinación recurrida. Dicha determinación, no es contraria a derecho ni exhibe prejuicio, parcialidad o error craso en la apreciación de la prueba documental presentada. Por lo cual, en el ejercicio discrecional que nos asiste a tenor de la Regla 40, *supra*, para la consideración de este tipo de recursos, concluimos no expedir el auto de *certiorari* presentado.

**IV.**

Por los fundamentos expuesto y al amparo de la Regla 40, *supra* de nuestro Reglamento, determinamos *no expedir* el recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones