Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MATTHIAS MUENCH | | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Peticionario | | |
| v. | TA2025AP00546 | |
| | | Civil Núm.: SJ2023CV10240 (602) |
| GEOVANNY DISLA DÍAZ | | |
| Recurrido | | Sobre: Daños, Nulidad de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

**Brignoni Mártir, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos, el señor Matthias Muench Kiepe ("señor Muench"); su esposa Melanie Crelia Hanzo ("señora Crelia"); y la Sociedad Legal de Bienes Gananciales ("SLG"), compuesta por ambos, (en adelante, en conjunto, "los peticionarios"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Segunda Resolución RPC 36.4"* emitida y notificada el 17 de octubre de 2025. Mediante la referida determinación, el foro primario declaró *Sin Lugar* la *"Solicitud de Sentencia Sumaria Parcial Enmendada,"* presentada por los peticionarios y la *"Oposición a Moción de Sentencia Sumaria y Solicitud de Sentencia Sumaria a favor de la Parte Demandada,"* presentada la señora Geovanny Disla Díaz (en lo sucesivo, "la recurrida").

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado y con ello *revocamos* la determinación recurrida.

**I.**

El 6 de mayo de 2024, los peticionarios presentaron *"Segunda Demanda Enmendada."* Relataron, que el señor Muench conoció a la

recurrida en un restaurante en el cual ella trabajaba como mesera y a partir de ese momento comenzaron una estrecha amistad. Así las cosas, sostuvieron que la recurrida convenció al señor Muench para que adquiriera un bien inmueble. Así pues, aseveraron que el día 3 de mayo de 2019, a través de la escritura de compraventa Núm. 133, el referido señor adquirió sin la intervención de su esposa una propiedad residencial. Arguyeron, que la recurrida se trasladó a vivir a la referida residencia y que el señor Muench pagaba todos los gastos de ésta. Posteriormente, según alegaron, la recurrida incentivó al señor Muench a realizar algún tipo de negocio jurídico para que ella quedara protegida ante la posibilidad de que él le premuriera. Esgrimieron que el día 22 de junio de 2022, el señor Muench suscribió junto a la recurrida una *"Escritura de Compraventa de Participación."* Sostuvieron que, mediante esta, de forma simulada, el señor Muench le cedió a la recurrida el cincuenta porciento (50%) del bien inmueble previamente adquirido.

Ante tales hechos, solicitaron que se declarare la nulidad de la *"Escritura de Compraventa de Participación,"* toda vez que el señor Muench enajenó el referido bien inmueble estando casado bajo el régimen de SLG y su esposa no prestó su consentimiento para tal acto. Además, aseveraron que surge de dicha escritura que la recurrida pagó la cantidad de $32,500.00 por la participación enajenada cuando alegadamente dicha suma nunca fue pagada por ella. A su vez, indicaron que la aludida escritura fue redactada en idioma español y el señor Muench no domina con eficacia dicho idioma. De otra parte, peticionaron la reivindicación de un vehículo de motor del señor Muench que la recurrida traspasó a su nombre sin mediar consentimiento alguno. Además, reclamaron indemnización en daños y perjuicios; el pago de renta por uso exclusivo de la propiedad por parte de la recurrida; el desalojo de la referida parte del inmueble objeto de litio; y el pago de daños punitivos y honorarios de abogado.

En respuesta, el 10 de junio de 2024, la recurrida presentó *"Contestación a Demanda Enmendada y Reconvención."* En esencia,

argumentó que contrario a lo aducido por los peticionarios la residencia en litigio fue adquirida por decisión conjunta de ella y el señor Muench. De otra parte, no negó que el negocio jurídico recogido en la "*Escritura de Compraventa de Participación*" fuera simulado. En cambio, alegó que ella fue inducida por el señor Muench a firmar la referida escritura bajo el entendido de que éste le estaba donando el bien inmueble. Siendo así, instó una reconvención en la que indicó que la verdadera intención de la "*Escritura de Compraventa de Participación*" fue la trasmisión vía donación del cien por ciento (100%) de la propiedad en cuestión. Ante ello, solicitó al foro primario que declarara la validez de la alegada donación efectuada. A su vez, peticionó una indemnización en daños y perjuicios; y el pago de honorarios de abogado y de las costas del litigio.

Tras varios incidentes procesales que no son necesarios de pormenorizar, el 8 de agosto de 2025, los peticionarios presentaron "*Solicitud de Sentencia Sumaria Parcial Enmendada.*" Sostuvieron, que no existe controversia sobre los hechos materiales del caso, por lo cual procede una adjudicación sumaria a su favor. Resaltaron, que es un hecho incontrovertido que el señor Muench adquirió la propiedad en litigio estando casado con la Señora Crelia, por consiguiente, ésta pertenece a la SLG. Añadieron, que no existe controversia sobre que la "*Escritura de Compraventa de Participación*" fue un negocio jurídico simulado en el que no intervino la señora Crelia. Ante tales hechos, aseveraron que son los únicos dueños de la propiedad objeto de disputa y que nunca se otorgó una escritura de donación a través de la cual el bien inmueble fuera trasferido a la recurrida. En vista de ello, peticionaron que se declare que la recurrida posee en precario la referida propiedad, por lo cual debe desalojarla.

En reacción, el 28 de agosto de 2025, la recurrida presentó "*Oposición a Moción de Sentencia Sumaria y Solicitud de Sentencia Sumaria a favor de la Parte Demandada.[1]*" En esencia, reiteró que la

---

[1] La recurrida acompañó su petición con la siguiente prueba documental: "Declaración Jurada" suscrita por Geovanny Disla Díaz; Copia de la Escritura Núm. 133 otorgada el 3 de mayo de 2019; Capturas de Pantalla de mensajes de texto; "Certificación del Notario que Presenta Documento en el Registro de la Propiedad Inmobiliaria de Puerto Rico por

transferencia de participación a su favor fue en realidad una donación y que ella obró de buena fe al confiar en la apariencia creada por el señor Muench, quien compareció solo al otorgamiento y le hizo creer que podía transferir el inmueble en su totalidad. Por otro lado, la recurrida argumentó sobre la procedencia de resolver completamente el caso a su favor. Sobre ello, aseveró que mantuvo una relación de concubinato con el señor Muench desde el año 2017 al año 2023. Por lo tanto, adujo que durante ese tiempo se formó una comunidad de bienes entre ambos en la que se le debe a ella reconocer el cincuenta por ciento (50%) de la propiedad en contienda. Además, esgrimió que se deben desestimar las causas de acción relativas a la restitución del aludido vehículo de motor y a la indemnización de daños y perjuicios. Finalmente, peticionó un remedio en daños a su favor y la imposición de honorarios de abogado por temeridad.

Por su parte, el 1 de octubre de 2025, los peticionarios presentaron *"Réplica a la Oposición de la Parte Demandada y Oposición a la Moción de Sentencia Sumaria de la Parte Demandada Entrada #147."* En síntesis, reiteraron su posición respecto a que la propiedad en cuestión no fue donada a la recurrida. Asimismo, sostuvieron que la referida parte posee dicha propiedad de forma precaria. De igual modo, se opusieron a las alegaciones atinentes a la existencia de una comunidad de bienes entre la recurrida y el señor Muench. Al respecto, razonaron que dichas alegaciones son improcedentes puesto que la recurrida las levanta por primera vez en esta etapa de los procedimientos. Agregaron, que estas alegaciones no fueron incorporadas en una reconvención compulsoria y tampoco son objeto de descubrimiento de prueba. Además, sostuvieron que la recurrida no había demostrado que realizó aportaciones económicas a la comunidad que aduce que existe.

En atención de los escritos presentados, el 17 de octubre de 2025, el foro primario notificó la *"Segunda Resolución RPC 36.4"* que hoy nos

---

vía Telemática;" Información de Balance y Transacciones de una Cuenta Bancaria; Correspondencia de una Institución Bancaria; "Moción Desistiendo de Vista Preliminar en Alzada;" Documento intitulado "Factura."

ocupa. Mediante esta, declaró *Sin Lugar* la *"Solicitud de Sentencia Sumaria Parcial Enmendada,"* presentada por los peticionarios y la *"Oposición a Moción de Sentencia Sumaria y Solicitud de Sentencia Sumaria a favor de la Parte Demandada,"* presentada por la recurrida.[2]

Formaron parte de la referida resolución los siguientes hechos incontrovertidos:

1. El 3 de mayo de 2019, Matthia Muench compró la finca 6014 objeto de litigio indicando en la escritura que adquiría siendo soltero y vecino de Puerto Rico. *Entrada 147-2.*

2. A esa fecha, Muench era casado con la codemandante Melanie Jean Muench Crelia bajo el régimen de sociedad de gananciales. *Entradas 138-1 54-1 y 52-1.*

3. El Demandante y la Demandada se comunicaban vía texto en español. *Entrada 30.*

4. El 22 de junio de 2022, MATTHIAS MUENCH (**Muench**) y GEOVANNY DISLA DÍAZ (**Disla**) otorgaron la Escritura 56 de Compraventa de Participación ante el notario Héctor Olán Couret. *Entrada 17-2.* Según la Escritura 56, Muench, le vendió a Disla 50% de su interés propietario en el inmueble inscrito en el Registro de la Propiedad al folio 95 del tomo 122 de Santurce Norte, Finca Número 6,041 con el número de catastro 041-093-492- 09-001 (la **Propiedad**)—"una porción abstracta e indefinida en pro indiviso"-- por el precio de $32,500.00. La Escritura 56 está redactada en español exclusivamente.

    a. Según la Escritura 56, Disla pagó el precio de compraventa con anterioridad al cierre y Meunch "le otorga la más eficaz carta de pago".

    b. Mediante Declaración Jurada del 13 de febrero de 2024, Muench niega haber recibido pago alguno y niega haber comprendido lo que estaba firmando. *Entrada 30.*

5. Contrario a lo que indica la Escritura 56, Disla no pagó el precio de compraventa. Reconvención ¶ 1, 2, 9, *Entrada 68.*

6. Según la Escritura 56, Muench comparecía como persona soltera a pesar de que a esa fecha seguía casado con Melanie Jean Muench Crelia.

7. Durante el periodo relevante, Muench y Disla aparecían como cotitulares en la cuenta 024- 387525 del Banco Popular de Puerto Rico. Entrada 147-12 y 13.

También formaron parte de esta resolución los siguientes hechos en controversia:

1. Validez y naturaleza del negocio jurídico objeto de la Escritura 56.

2. Si la Demandada en efecto pagó $32,500 al Demandante.

---

[2] Cabe señalar, que de igual forma el foro primario declaró *Sin Lugar* una primera *"Solicitud de Sentencia Sumaria Parcial,"* presentada por los peticionarios con anterioridad a la *"Solicitud de Sentencia Sumaria Parcial Enmendada."*

3.   Concepto en el cual la Demandada ocupa la Propiedad.

4.   Titularidad del automóvil Marca Acura RDX Tablilla ILK978.

5.   Si el Demandante sufrió daños resarcibles en ley.

6.   Si la Demandada es tercera registral y/o adquirente de buena fe de la Propiedad.

En desacuerdo, el 14 de noviembre de 2025, los peticionarios presentaron ante nos el recurso de epígrafe. Mediante este, esbozaron los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al denegar la Moción de Sentencia Sumaria apartándose de los postulados que gobiernan el procedimiento aplicable según la Regla 36.

El Tribunal de Primera Instancia se excedió en el uso de su discreción, al posponer indefinidamente la adjudicación de los méritos del caso, cuando de esa determinación dependen derechos propietarios y fundamentales de la parte demandante, a la vez que premia a la parte demandada, permitiendo la continuación de su posesión ilegal sin ejecutar o conminar si propia orden sobre el pago de renta [sic].

El 5 de diciembre de 2025, este Tribunal notificó una *"Resolución,"* mediante la cual se acogió la apelación presentada como un recurso de *certiorari*. De igual modo, le concedimos a la recurrida un término final de cinco (5) de días para presentar su oposición.

Así las cosas, el 11 de diciembre de 2025, la recurrida presentó *"Memorando en Oposición a Recurso de Certiorari."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable al caso ante nos.

**II.**

**A.    Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción

encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    La Sentencia Sumaria:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023);

*León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Al examinar la procedencia de una solicitud de sentencia sumaria, los tribunales deben guiarse por las disposiciones de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7. Al efectuar el referido examen, el Tribunal de Apelaciones, deberá realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en

realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). De igual modo, como regla general, no es aconsejable disponer de los casos por la vía sumaria cuando exista controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. *Jiménez Soto v. Carolina Catering Corp.*, 2025 TSPR 3. Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004).

**C.      El Matrimonio bajo el Régimen Económico de Sociedad Legal de Bienes Gananciales:**

El Artículo 376 del Código Civil establece que el matrimonio "es una institución civil que procede de un contrato civil en virtud del cual dos personas naturales se obligan mutuamente a ser cónyuges, y a cumplir la una para con la otra los deberes que la ley les impone." 31 LPRA sec. 6591. Durante el matrimonio los cónyuges tienen los mismos derechos y obligaciones. 31 LPRA sec. 6651. Éstos tienen un deber de atender sus necesidades esenciales con los recursos propios y comunes y de mantenerse mutuamente informados de los asuntos que puedan afectar el bienestar personal y económico de la pareja y el grupo familiar. 31 LPRA sec. 6653.

Las personas con interés de unirse en matrimonio pueden antes y después de celebrado el vínculo matrimonial seleccionar un régimen económico conyugal relativo a sus bienes presentes y futuros. 31 LPRA sec. 6911. De no seleccionar expresamente un régimen económico les aplicará

de manera supletoria el régimen de la SLG. 31 LPRA sec. 6912; *Betancourt González v. Pastrana Santiago,* 200 DPR 169, 177-178 (2018). "En el régimen de la sociedad de gananciales, ambos cónyuges son los titulares de los bienes comunes en igualdad de derechos y obligaciones." 31 LPRA sec. 6951. Así pues, "la administración y disposición de los bienes gananciales corresponde conjuntamente a ambos cónyuges." 31 LPRA sec. 6992. Todo acto que sobre dichos bienes haga cualquiera de los cónyuges en contravención a lo anterior o a cualquiera de las disposiciones aplicables, no perjudicará al otro cónyuge ni a sus herederos. *Id.*

Son bienes comunes o gananciales, entre otros, los siguientes: a) los adquiridos a título oneroso y a costa del caudal común, bien se haga la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la familia o para uno solo de los cónyuges; y b) los obtenidos por el trabajo o la industria de cualquiera de los cónyuges. 31 LPRA sec. 6965. Se presume que los bienes del matrimonio son de naturaleza ganancial hasta tanto no se pruebe que son privativos de cualquiera de los cónyuges. 31 LPRA sec. 6971. Cabe expresar, que las adquisiciones que realice cualquiera de los cónyuges en efectivo o a crédito con fondos gananciales, serán válidas siempre y cuando se destinen al uso de éstos o de la familia. 31 LPRA sec. 6994.

Los actos dispositivos a título oneroso que se pretendan realizar bajo este régimen económico requieren el consentimiento escrito de ambos cónyuges. *Id.* Los referidos actos dispositivos podrán ser ratificados por el cónyuge que no consienta a la disposición onerosa. *Id.* No obstante, en ausencia de una oportuna ratificación el acto dispositivo será nulo. *Id.* Por su parte, los actos dispositivos a título gratuito de bienes comunes en los que no se efectúe el consentimiento de ambos cónyuges estarán viciados de nulidad. 31 LPRA sec. 6996.

**D.     Perfeccionamiento de Contrato y Causa Simulada:**

Establece el Código Civil en su Artículo 1230 que "[e]l contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su

consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones." 31 LPRA sec. 9751. "Lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley." 31 LPRA sec. 9754. En todo caso, "[e]l contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva". 31 LPRA sec. 9771.

Conforme dispone el Artículo 1062 del Código Civil de Puerto Rico, "[t]anto el deudor como el acreedor deben actuar de buena fe en el cumplimiento de la obligación." 31 LPRA sec. 8983. En Puerto Rico, el principio de autonomía de la voluntad también prevalece en las relaciones contractuales, otorgando a las partes una gran libertad para comprometerse según su propia voluntad. *BPPR v. Sucn. Talavera,* 174 D.P.R. 686, 693 (2008). La aludida norma está recogida en el Artículo 1232 del Código Civil, el cual dispone que "[l]as partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público". 31 LPRA sec. 9753; *Álvarez de Choudens v. Rivera Vázquez,* 165 DPR 1, 17 (2005); *Irizarry López v. García Cámara,* 155 DPR 713, 724 (2001).

En lo que aquí nos concierne, la causa en los contratos responde a la interrogante de por qué se realizó el negocio jurídico. *Rosario Rosado v. Pagán Santiago,* 196 DPR 180, 189 (2016). Es preciso señalar, que "[e]l negocio jurídico debe tener un fin lícito en atención a las circunstancias existentes al tiempo de su celebración y al de su ejecución." 31 LPRA sec. 6141. "No es lícito el fin contrario a la ley, a la moral o al orden público, o lesivo de derechos de terceros." *Id.* Cónsono con lo anterior, cada negocio jurídico debe tener causa lícita al momento de su celebración y conservarla hasta su ejercicio. 31 LPRA sec. 6146. "La falta de causa lícita coetánea con la celebración del negocio jurídico, lo vicia de nulidad." 31 LPRA sec. 6147.

Cabe mencionar, que se presume la licitud de causa de un negocio jurídico, aunque no esté expresada. 31 LPRA sec. 6142. No obstante, pueden darse escenarios en los que un negocio jurídico exprese una causa falsa. En dichos escenarios la validez del negocio jurídico se juzgará por las normas de la simulación. 31 LPRA sec. 6143. "Hay simulación si los otorgantes de un negocio jurídico, acuerdan realizarlo mediante la expresión de una causa falsa, independientemente de que exista o no un acto jurídico disimulado." 31 LPRA sec. 6234. En otras palabras, la simulación ocurre "cuando los contratantes llevan a cabo un negocio jurídico aparente que encubre otro real con causa lícita, fingido o disimulado." *In re Carlos E. González Foster*, 2025 TSPR 27. "Una causa falsa es una causa fingida, o una causa que encubre otra verdadera." *Id.*

**III.**

En este caso, los peticionarios solicitan que se dicte sentencia sumaria parcial en el presente pleito a los fines de que se declare la invalidez del negocio jurídico recogido en la Escritura Núm. 56 sobre *"Escritura de Compraventa de Participación"* de fecha de 22 de junio de 2022. Sostienen los peticionarios, que no existe controversia sobre los hechos materiales relativos al referido negocio jurídico. Por consiguiente, corresponde aplicar el derecho a la cuestión en litigio y resolver la causa de acción de nulidad de compraventa a su favor.

Por su parte, la recurrida plantea que existen hechos materiales en controversia que impiden la adjudicación sumaria del presente caso. La referida parte señala los mismos hechos que el foro primario determinó incontrovertidos. Además, entiende que el referido foro resolvió conforme a derecho tras un examen de las posiciones de las partes. Concluye, que esta Curia debe denegar el auto de *certiorari* presentado.

Le asiste la razón a los peticionarios. A continuación, nos explicamos.

Al evaluar de *novo* el expediente ante nuestra consideración, determinamos que no está en controversia el hecho de que el 22 de junio

de 2022 el señor Muench y la recurrida suscribieron una escritura intitulada *"Escritura de Compraventa de Participación."* A su vez, no existe controversia sobre que a dicho otorgamiento no compareció la señora Crelia ni prestó su consentimiento para la realización de este. Surge de dicha Escritura, que el señor Muench acordó enajenar a favor de la recurrida una participación sobre un bien inmueble sito en Santurce valorada en un cincuenta por ciento (50%). Ambas partes coinciden en que el referido negocio jurídico fue un acto simulado, toda vez que la recurrida nunca entregó al señor Muench el precio de compraventa estipulado por la cantidad de $32,500.00.

Cabe resaltar, que la recurrida no ha controvertido el hecho de que el señor Muench enajenó el referido bien estando casado con la señora Crelia bajo el régimen económico de la SLG. De hecho, la señora Crelia y la SLG son parte demandante en este pleito junto al señor Muench. Además, en su alegación responsiva la recurrida admitió que la señora Crelia y el señor Muench están casados entre sí. Hecho que reafirmó en la *"Reconvención Enmendada."*[3]

Ante tales hechos esenciales incontrovertidos, queda ante nuestra consideracion una cuestión exclusivamente de derecho relativa a la validez del negocio jurídico pactado entre el señor Muench y la recurrida. En vista de ello, nos resta aplicar el derecho a los aludidos hechos materiales.

De entrada, nótese que la parte demandante está compuesta por un matrimonio bajo el régimen económico de la SLG. Esto, nos invita a revisar las doctrinas jurídicas que regulan este tipo de constitución matrimonial. Según expuesto, durante la vigencia del matrimonio los cónyuges tienen los mismos derechos y obligaciones. En específico, bajo el régimen de SLG ambos cónyuges son los titulares de los bienes comunes en también igualdad de derechos y obligaciones. De esto resulta que la administración y disposición de los bienes gananciales corresponde de manera conjunta a

---

[3] Véase, Entradas Núm. 68 y Núm. 73 de SUMAC del TPI.

ambos cónyuges, y cualquier acto en contravención del anterior postulado no perjudicará al cónyuge no participante del acto.

En el caso ante nos, el 3 de mayo de 2019, el señor Muench adquirió el bien objeto de litigio durante la vigencia del matrimonio existente entre él y la señora Crelia. Posteriormente, mediante la *"Escritura de Compraventa de Participación,"* el señor Muench enajenó unilateralmente una participación sobre el referido bien valorada en un cincuenta por ciento (50%) a favor de la recurrida. Es preciso reiterar, que la señora Crelia no compareció ni prestó consentimiento al acto de otorgamiento de la antes dicha escritura pública. Siendo así, el señor Muench dispuso individualmente de un bien de naturaleza ganancial. Ante tal cuadro fáctico, nuestro ordenamiento jurídico reviste de protección a la señora Crelia para evitar que ella sea perjudicada por el acto dispositivo del señor Muench.

En este caso, las partes litigantes coincidieron en que el negocio jurídico en cuestión es uno simulado. Según expuesto, para que se perfeccione válidamente un negocio jurídico se hace necesaria la concurrencia del consentimiento, objeto y causa. La simulación existe cuando se pacta una relación contractual bajo la expresión de una causa falsa, con independencia de que exista o no un acto jurídico simulado. Es la postura de la recurrida que la denominada compraventa realmente encubría la intención del señor Muench de donarle el bien inmueble en disputa. Ante tal aseveración, el negocio jurídico efectuado por la recurrida y el señor Muench está viciado de nulidad *ab initio.* La razón de ello estriba en que la disposición de bienes gananciales a título gratuito sin el consentimiento de ambos cónyuges tiene como resultado la plena nulidad.

Independientemente de lo anterior, aun ante el escenario de una enajenación a título oneroso del bien en contienda, a la señora Crelia le asiste el derecho de consentir o no al acto dispositivo. Al no prestar su consentimiento en el acto, la señora Crelia podía optar por ratificar el contrato suscrito por la recurrida y el señor Muench. Acción que no ejerció.

Siendo así, la ausencia de ratificación tiene el mismo resultado de viciar de nulidad el negocio jurídico efectuado.

En vista del reseñado cuadro factico y jurídico, procede la sentencia sumaria parcial, solicitada por los peticionarios, a los fines de declarar la nulidad de la *"Escritura de Compraventa de Participación."* La recurrida no es dueña de una cuota de partición sobre el bien inmueble en cuestión ni conserva el pleno dominio del referido bien. El negocio jurídico pactado carece de validez toda vez que la señora Crelia no brindó su consentimiento al acto de enajenación. Por consiguiente, incidió el foro primario al no resolver sumariamente la nulidad de la referida Escritura.

Es meritorio destacar, que la presente sentencia se limita a declarar la invalidez del aludido negocio jurídico y la ausencia de dominio de la señora Crelia sobre la propiedad objeto de litigio. Queda ante la consideración del foro primario el resto de las causas de acción levantadas durante el pleito. Tales como la restitución del vehículo de motor; los daños y perjuicios peticionados; daños punitivos; y el pago de honorarios de abogado.

**IV.**

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari* presentado al amparo de la Regla 40, *supra* y con ello *revocamos* el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones